### GEORGE BLACK *v.* REUBEN JONES.

Where a horse was taken from a private citizen of Randolph County, about the 2nd of May 1865, (it did not appear by whom,) and afterwards (July 26th 1865,) was sold at a public government sale held in Raleigh, by an A. Q. M. of the U. S. Army, being then branded as United States property : *Held,* that the title of the original owner was not thereby extinguished.

(*Wilson* v. *Franklin,* 63 N. C. 259, cited and approved.)

TROVER, for a horse, tried before *Tourgee, J.,* at Fall Term 1869, of RANDOLPH Court.

The horse had been taken from the owner, a private citizen of Randolph county, about the 2nd of May 1865 ; and, upon the 26th of July thereafter was purchased, at a public Government sale of horses in Raleigh by one A. W. Garoutte, A. Q. M. in the U. S. Army. It was at that time branded, as the property of the United States, and a bill of sale was given by Garoutte. The defendant claimed under the purchaser at this sale.

The defendant asked the Court to instruct the jury, that

BLACK *v.* JONES.

the property in the animal was changed by the formal sale, under the authority of the United States.

His Honor declined to do so.

Under the instructions of the Court, the jury returned a verdict for the plaintiff, &c., and the defendant appealed.

*No counsel,* for the appellant.
*Scott and Mendenhall, contra.*

SETTLE, J.    The defendant has no just ground of exception to the charge of his Honor.    Conceding, for the sake of the argument, that the government of the United States had the right to take horses without compensation, during the existence of hostilities, from any citizen, loyal or disloyal, of the rebellious states, there can be no pretence of right to do so after the cessation of hostilities.    Of course we are not considering the right or power of the government to confiscate property for the crime of rebellion.    It is true, the government had, and exercised the right of taking any property, wherever found, which belonged to the Confederate authorities ; for upon their surrender, it became the property of the government.

The armistice between Generals Sherman and Johnston was proclaimed on the 17th day of April 1865.    This was followed by the surrender of Johnston to Sherman on the 25th day of the same month.    So, hostilities ceased, and the war virtually ended, on the day of proclaiming the armistice.

In the case before us, the horse in question had never belonged to the Confederate authorities, but was taken, about the 2nd day of May 1865, from the possession and ownership of the plaintiff, a private citizen, without his consent. It does not appear who took the horse from the possession of the plaintiff.    All that we know is, that the horse was purchased at a government sale in the city of Raleigh, on the 26th day of July 1865, properly branded as property of the United States, and a bill of sale in due form given by A.

---
BLACK *v.* JONES.
---

W. Garoutte, Captain and Assistant Quarter Master, U. S. Army, to a purchaser under whom the defendant holds.

How often this horse was sold and re-sold, captured and re-captured, from the time he left the possession of the plaintiff until he came into the possession of Capt. Garoutte, we do not know; nor is it material to inquire, for any number of transfers would not affect the rights of the plaintiff.

But the defendant insists, that, if the horse were sold at an auction held under the authority of the government of the United States, and conveyed to a person under whom he claims, for the price set forth in the bill of sale, then the plaintiff cannot recover. Whatever may be the rights of the government in time of war, it certainly cannot, in time of peace, take private property without compensation: and we are unable to see how the wrongful possession of Captain Garoutte could ripen into the rightful possession of a third party as against the plaintiff, by a simple transfer.

It is suggested that there may be a distinction between a public sale by the government, and a sale by a private individual, but it is a distinction without a difference, so far as the true owner is concerned. It is a general rule of the English law, that sales of vendible articles, made in market overt, are good, not only between the parties, but also as to all who have any property therein; but that rule has never been recognized in any of the United States: 10 Pet. 161. *Wilson* v. *Franklin and Burleson,* 63 N. C. 259, is in point. It may perhaps be said that the defendants, in that case, occupied better ground than can be claimed for the defendant in this, for Franklin was an officer and Burleson a private in the army of the United States, and they acted under the express orders of a superior officer; and yet it was held that they were guilty of a trespass, in taking horses from a citizen after the cessation of hostilities.

The judgment of the Superior Court is affirmed.

PER CURIAM.                    Judgment affirmed.